# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of<br>the Personal Restraint Petition of<br><br>STEWART MICHAEL RIGGS,<br><br>                     Petitioner. | No.  48492-7-II<br><br><br>UNPUBLISHED OPINION |

JOHANSON, J. — Stewart Riggs seeks relief from personal restraint imposed following his pleas of guilty in Kitsap County in 2014 to possession of a stolen vehicle and to second degree identity theft and in Pierce County to second degree identity theft.[1]

First, as to the Kitsap County second degree identity theft conviction, the trial court imposed a sentence of 57 months of confinement and 12 months of community custody.  Riggs argues that this sentence is illegal because the combination of the terms of confinement and community custody exceed the 60-month statutory maximum punishment for the crime.  RCW 9.35.020(3); RCW 9A.20.021(1)(c).  The State concedes that Riggs is correct and that the sentence violates RCW 9.94A.701(9), which requires that the term of community custody be reduced so as to not exceed the statutory maximum.  We accept the State's concession and remand Riggs's judgment and sentence for correction.

Second, Riggs argues that the State breached the plea agreement when it did not return his cell phone and Rolex watch that the State had seized.  But he presents no evidence of an agreement

---

[1] We issued the mandate of Riggs's direct appeal on September 23, 2015, making his February 1, 2016 petition timely filed.  RCW 10.73.090(3)(b).

to return his cell phone and watch, and to the contrary, in his statement on plea of guilty, Riggs agreed to forfeiture of all seized property. He asserts, but presents no evidence to support, that his trial counsel promised to write the return of the cell phone and watch into his judgment and sentence. Riggs does not demonstrate that the State breached its plea agreement or that he received ineffective assistance of counsel.

Finally, Riggs argues that the State undercut the plea agreement at his Pierce County sentencing when the deputy prosecutor stated that the global plea agreement "was made by her boss, however if it was up to her she would have [to] ask for a much longer sentence." Pet. at 19. But the transcript of the sentencing hearing contains no such statement. Riggs does not demonstrate that the State undercut the plea agreement.

We grant Riggs's personal restraint petition in part and remand his Kitsap County judgment and sentence for correction. We deny the remainder of his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, J.

BJORGEN, C.J.

2